**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                                          NO. 2:07cr4

RAFAEL MARTINEZ-HERNANDEZ,

      Defendant.

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on January 17, 2007, on the United States Government's Motion to Detain the defendant. For the reasons set forth below, the Court FINDS that the defendant's detention pending trial is warranted.

On January 11, 2007, a federal grand jury issued an indictment charging the defendant with one count of conspiracy to transport unauthorized aliens within the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i); and one count of transporting unauthorized aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i).

The defendant declined to put on evidence regarding his detention and waived his detention hearing. A defendant may waive the right to a detention hearing guaranteed to him by 18 U.S.C. § 3142(f). See United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc) (holding that a defendant may waive the right to a detention hearing or to the holding of a detention hearing

within the time requirements of 18 U.S.C. § 3142(f)). In accepting the defendant's waiver, the Court notes that the defendant likely represents a substantial risk of flight, as he is currently subject to a detainer filed by the Bureau of Immigration and Customs Enforcement.

In reaching its determination herein, and accepting the defendant's waiver of his right to a detention hearing, the Court took into account the defendant's demeanor and concluded that he understood the nature and consequences of his waiver of his rights to a detention hearing. The Court notes that the defendant was represented by counsel at the detention hearing.

Accordingly, the Court FINDS that the defendant should be detained pending trial. The Court therefore ORDERS the defendant DETAINED pending trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or

on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant. Entered on January 17, 2007

_____/s/_____
F. Bradford Stillman
United States Magistrate Judge
